IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID A. SPEER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-14-669-C |
| ) | |
| THE PRUDENTIAL INSURANCE ) | |
| COMPANY OF AMERICA, and ) | |
| NORMAN F. SPEER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action, pro se, in the District Court of Grady County, Oklahoma, asserting claims for breach of contract and fraud. According to Plaintiff, his father carried a life insurance policy issued by Defendant The Prudential Insurance Company of America. Upon his father's death, Defendant Prudential paid the benefits from the policy equally to Plaintiff and his brother, Defendant Norman Speer. According to Plaintiff, both checks were mailed to Defendant Norman Speer's address, but Defendant Speer improperly endorsed the check made out to Plaintiff and spent the money. Plaintiff now seeks to recover from Defendants for his half of the funds from the life insurance policy.

Defendant Prudential removed this action, asserting that Plaintiff's claims are governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., and therefore this Court has exclusive jurisdiction of Plaintiff's claims. In its removal, Defendant Prudential argues that the claims against it and Defendant Speer are separate and that the claims against Defendant Speer should be severed. Plaintiff responded

with a number of motions, seeking remand, discovery, a hearing on the motion to remand, and appointment of counsel.

In his Motion to Remand, Plaintiff argues that the case should be remanded because the claim is not covered by ERISA, that his claims are based on state law and there is no federal law invoked, and/or that his claims against Defendant Norman Speer cannot be severed from his claims against Defendant Prudential. Plaintiff's arguments lack legal and factual support. Despite Plaintiff's arguments to the contrary, his claim is preempted by ERISA because it is an action related to the recovery of benefits arising from an ERISA plan. See Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 62-63 (1987). The life insurance policy arose from an ERISA plan, which was a plan established by the employer to provide eligible employees with life insurance, funded by way of an insurance policy, and set forth intended benefits for a specific class of beneficiaries through a specific source of financing and a procedure for receiving the benefit of the policy. Thus, the plan is governed by ERISA. See Lohmann v. Green Bay Packaging, Inc., Case Nos. 93-5037, 94-5068, 1994 WL 609402 (10th Cir. Nov. 7, 1994). Because Plaintiff's claim arises under federal law, removal was proper under 29 U.S.C. § 1441(a).

As Defendant Prudential notes, Plaintiff's claims against Defendant Norman Speer are not within the Court's original or supplemental jurisdiction because they are not part of the same claims brought against Defendant Prudential, in that they do not arise under ERISA. Rather, they are claims for negligence, deceit, fraud, misrepresentation, bad faith, oppressiveness, or forgery – all state law-based claims. Because Plaintiff and Defendant

Speer are not diverse, the Court cannot exercise supplemental jurisdiction over those claims. Therefore, the Court will sever Plaintiff's claims against Defendant Norman Speer and those claims will be remanded to Grady County. See 28 U.S.C § 1441(c)(2)(requiring severance and remand of claims over which the Court lacks original or supplemental jurisdiction.)

For these reasons, Plaintiff's Motion to Remand will be denied. To the extent Plaintiff requests a hearing on the request to remand, that request will also be denied. The questions at issue can be resolved without the need for a hearing and Plaintiff has demonstrated no reason to reach a different conclusion.

Turning to Plaintiff's "Motion for Affidavits and Deposition Testimony," Plaintiff's request is improper. Discovery is not an issue for the Court to grant or deny; rather, the procedure for those requests is governed by the appropriate Federal Rules of Civil Procedure. Regardless of Plaintiff's pro se status, he is still obligated to follow and abide by those rules. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Plaintiff is advised that as this case is an ERISA case, the Court's review is generally limited to the administrative record. See Weber v. GE Group Life Assurance Co., 541 F.3d 1002, 1011 (10th Cir. 2008). That fact and the limitations of Fed. R. Civ. P. 26(b)(1) will narrow the scope of any permissible discovery.

Finally, as to Plaintiff's Request for Appointment of Counsel, Plaintiff argues that he is financially unable to employ counsel and that, given his status as an incarcerated person, he has limited access to legal resources. "28 U.S.C. § 1915(e)(1) grants the trial court discretion to appoint an attorney for a prison litigant otherwise unable to afford counsel, but

3

there is no automatic right to appointment of counsel in a civil rights case." Rouse v. Colo. State Bd. of Parole, 242 F. App'x 498, 501 (10th Cir. 2007) (citing Baranowski v. Hart, 486 F.3d 112, 126 (5th Cir. 2007)). Before deciding whether counsel should be appointed, the Court must "consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims." Id. (citing Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004)). While ERISA cases are complex, they are also somewhat self executing. Thus, at least at this stage, Plaintiff is capable of prosecuting his case without appointed counsel.[*] Therefore, Plaintiff's request for appointment of counsel will be denied.

Lastly, Plaintiff has filed a motion demanding jury trial; however, because Plaintiff's claims against Defendant Prudential are governed by ERISA, he has no right to a jury trial. See Graham v. Hartford Life & Accident Ins. Co., 589 F.3d 1345, 1355 (10th Cir. 2009). Therefore, that demand will be stricken.

For the reasons set forth herein, Plaintiff's Motion for Remand (Dkt. No. 13), Motion for Hearing (Dkt. No. 11), Motion for Affidavits and Deposition Testimony (Dkt. No. 10), and Request for Appointment of Counsel (Dkt. No. 12) are DENIED. Plaintiff's Motion for

---

[*] The Court notes that use of the term "appointment" herein and in the statute is something of a misnomer. Regardless of the method by which counsel is selected, the responsibility for payment of counsel remains with Plaintiff. The Court's role in the matter would simply be to attempt to locate counsel who would be willing to accept the case. The Court has no authority to force any counsel to accept the case and no authorization to pay any counsel fees. Thus, the more accurate designation would be that the Court would "seek" counsel to represent Plaintiff.

Jury Trial (Dkt. No. 9) is STRICKEN. However, Plaintiff's claims against Defendant Norman Speer are severed from the claim against Prudential and remanded to the District Court of Grady County. The Clerk of the Court shall take the appropriate steps to return this action as to Defendant Norman Speer to the District Court of Grady County.

IT IS SO ORDERED this 25th day of August, 2014.

ROBIN J. CAUTHRON
United States District Judge