IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID A. SPEER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-14-669-C |
| ) | |
| THE PRUDENTIAL INSURANCE ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND SCHEDULING ORDER

Plaintiff filed the present action, pro se, in the District Court of Grady County, Oklahoma, asserting claims for breach of contract and fraud. According to Plaintiff, Defendant provided a life insurance policy to Plaintiff's father. Upon the father's death, Defendant paid the benefits from the policy equally to Plaintiff and his brother, Norman Speer. Plaintiff asserts that Defendant mailed both checks to Norman Speer's address and that Norman Speer then improperly endorsed the check made out to Plaintiff and spent the money. Plaintiff now seeks to recover his half of the funds from the life insurance policy. Defendant removed the case to this Court on June 25, 2014. Plaintiff subsequently filed a Motion to Remand (Dkt. No. 13), which the Court denied. (See Order, Dkt. No. 24.) The Court held that removal was proper under 29 U.S.C. § 1441(a) because Plaintiff's claims are governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq.

Now before the Court is Plaintiff's "Motion for Additional or Further Discovery" (Dkt. No. 26). Defendant filed a Response (Dkt. No. 29). Plaintiff did not file a Reply. The Motion is at issue.

Plaintiff seeks discovery beyond the administrative record, which is "'the materials compiled by the administrator in the course of making his decision.'" Weber v. GE Group Life Assurance Co., 541 F.3d 1002, 1011 (10th Cir. 2008) (citation omitted). Defendant objects to Plaintiff's Motion, arguing that discovery outside of the record is limited to the contents of the administrative record, that much of the information Plaintiff's seeks already is provided in the administrative record, and that Plaintiff's discovery requests are generally improper as cumulative, overly broad, and vague and ambiguous.

The issue in this case is whether Defendant's administration of the payment of Plaintiff's benefits violated the terms of the policy or a duty owed to Plaintiff. The Tenth Circuit has "frequently, consistently, and unequivocally reiterated that, 'in reviewing a plan administrator's decision under the arbitrary and capricious standard, the federal courts are limited to the administrative record.'" Murphy v. Deloitte & Touche Group Ins. Plan, 619 F.3d 1151, 1157 (10th Cir. 2010) (quoting Weber, 541 F.3d at 1011) (internal quotation marks and citation omitted). This discovery limitation recognizes that "[b]ecause the administrator must base its decision on the materials included in the administrative record, a district court would have no justification for concluding that an administrator abused its discretion by failing to consider materials never submitted to it for inclusion in the administrative record." Id. at 1159. It also recognizes that extra-record discovery could

undermine ERISA's purpose of providing a method to resolve benefit disputes "'inexpensively and expeditiously.'" Id. at 1159 (quoting Sandoval v. Aetna Life & Cas. Ins. Co., 967 F.2d 377, 380 (10th Cir. 1992)).  However, the discovery limitation is not absolute. The Tenth Circuit has held that courts are not conclusively prohibited from considering extra-record materials when the issue is something other than a claimant's eligibility for benefits, such as an administrator's conflict of interest.  See id. at 1159-1162.  In such cases, the party seeking to "engage in extra-record discovery bears the burden of showing its propriety." Id. at 1163.  Plaintiff merely asserts that extra-record discovery "would elaborate on how plaintiff was to share equally in funds from insurance policy; and defendant's intent and interpretation of the insurance policy, concerning delivery of plaintiff's insurance check to the correct address; defendant's internal policies concerning such; existence of insurance agreements concerning such."  (Pl.'s Br., Dkt. No. 26, at 2.)  Plaintiff has not shown what particular information is sought and has failed to show why that information is necessary to the Court's review of Plaintiff's claim.  See Murphy, 619 F.3d at 1163 (citing Hall v. UNUM Life Ins. Co. of Am., 300 F.3d 1197, 1203 (10th Cir. 2002)).  Keeping in mind that the law and policy regarding ERISA claims favor limiting discovery to the administrative record, the Court finds that Plaintiff has failed to show the propriety of extra-record discovery.

Accordingly, Plaintiff's Motion for Additional or Further Discovery (Dkt. No. 26) is DENIED.

The Court imposes the following schedule:

It appears that Defendant provided Plaintiff with the Administrative Record on or around October 22, 2014. (See Def.'s Resp., Dkt. No. 29, Ex. 3.) Plaintiff shall file an Opening Brief by March 12, 2015. Defendant shall file a Response by April 13, 2015. Plaintiff may file a Reply Brief, if necessary, within 15 days thereafter. No date set by this Order can be changed except for good cause and upon written Order of this Court prior to the date scheduled.

IT IS SO ORDERED this 11th day of February, 2015.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge